| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

JOSHUA GEORGE NOWLAND, §
　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　§
*versus* §　　CIVIL ACTION NO. 1:15-CV-273
　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-ID, §
　　　　　　　　　　　　　　§
　　　　Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Joshua George Nowland, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for aggravated robbery.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied with prejudice.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Both parties filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner asserted four grounds for review: (1) he did not receive a speedy trial; (2) the prosecution did not disclose exculpatory evidence; (3) there was jury misconduct and (4) a prosecution witness committed perjury. The magistrate judge analyzed each ground for review and concluded that the rejection of each ground for review by the state courts was not contrary to,

or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

While petitioner objects to the magistrate judge's conclusions regarding all of his grounds for review, his objections focus on his first ground for review. There was a delay of 14 months between petitioner's arrest and his trial. To determine whether a defendant was denied his right to a speedy trial, four factors are considered: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's diligence in asserting his rights and (4) prejudice to the defendant caused by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The magistrate judge concluded the first two factors weighed slightly in petitioner's favor and that the third factor weighed in petitioner's favor. The magistrate judge then stated that as the first three factors did not weigh heavily in petitioner's favor, and the delay he experienced was less than five years, petitioner was required to show the delay resulted in actual prejudice. The magistrate judge rejected petitioner's contentions that the delay resulted in most of the witnesses suffering from various degrees of dimming memories and the delay caused the surveillance video from the robbery to degrade. Accordingly, the magistrate judge concluded actual prejudice had not been shown and that the speedy trial claim did not entitle petitioner to relief.

In his objections, petitioner cites the case of *Arizona v. Moore*, 414 U.S. 25 (1973) (*per curiam*), for the proposition that he did not have to show prejudice in order to prevail on his claim. In *Moore*, the Supreme Court held that prejudice to a defendant caused by delay in bringing him to trial was not confined to possible prejudice to his defense caused by the delay. 414 U.S. at 26-27. The Court stated prejudice could also result from other factors because

> [i[nordinate delay, 'wholly aside from possible prejudice to a defendant's defense on the merits, may seriously interfere with the defendant's liberty, whether he is

2

> free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'

414 U.S. at 27 (quoting *United States v. Marion*, 404 U.S. 307, 320 (1971)). *Moore* does not hold that a defendant need not show actual prejudice in order to prevail on a speedy trial claim. However, the phrase "actual prejudice" encompasses more than merely prejudice to a defendant's defense. "'Actual prejudice' is assessed in light of the three following interests of the defendant: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." *United States v. Harris*, 566 F.3d 422, 433 (5th Cir. 2009).[1]

The court agrees with the magistrate judge that petitioner has not demonstrated the delay in bringing him to trial impaired his defense. Further, while petitioner states he had trouble sleeping and was very anxious and preoccupied about whether he would ever be brought to trial, he has not shown his pretrial incarceration was sufficiently oppressive or his anxiety sufficiently severe to constitute actual prejudice. This conclusion is supported by the fact that the 14 month delay petitioner experienced was barely long enough to even require a *Barker* analysis.[2] Accordingly, the rejection by the state courts of petitioner's speedy trial claim was not contrary to, or an unreasonable application of, clearly established federal law. In addition, the court agrees with the magistrate judge's analysis of petitioner's remaining grounds for review.

---

[1] As stated by the magistrate judge, petitioner is required to show actual prejudice because the first three *Barker* factors did not weigh heavily in his favor and the delay he experienced was less than five years. *Goodrum v. Quarterman*, 547 F.3d 249, 260 (5th Cir. 2008).

[2] A *Barker* analysis is only required if the delay experienced exceeds one year. *Amos v. Thornton*, 646 F.3d 199, 205 (5th Cir. 2011).

3

In her objections, the respondent takes issue with the magistrate judge's conclusions that the first and second *Barker* factor weighed slightly in petitioner's favor and the third *Barker* factor weighed in petitioner's favor. After considering the authorities cited by the magistrate judge and in the respondent's objections, the court agrees with the magistrate judge's conclusions regarding the first three *Barker* factors.

**ORDER**

Accordingly, the objections filed by petitioner and the respondent are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In order to make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 7th day of June, 2018.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE